IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SOUTHERN INSURANCE COMPANY
OF VIRGINIA,

    Plaintiff,

     v.

PETER COYNE, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:21-CV-3445-TWT

**OPINION AND ORDER**

This is a declaratory judgment action. It is before the Court on the Plaintiff's Motion for Summary Judgment and Default Judgment [Doc. 39]. No response to the motion has been filed. The facts of the case are set forth in the Plaintiff's motion. Defendant Whitehead was driving his personal 1994 Ford Ranger at the time of the accident. The Amended Complaint alleges that Defendant Whitehead was acting within the course and scope of his employment for Defendants Coyne and/or Oakview Landscape Construction. But the Policy issued to Coyne clearly does not apply to Defendant Whitehead's 1994 Ford Ranger because it only affords coverage for "Specifically Described 'Autos'" in Item Three of the Declarations page for which a premium is shown or which otherwise qualify as covered autos. There is only one vehicle described in Item Three, a 2000 Ford F550 Super Duty. Thus, at the time of the accident, neither Whitehead nor any other Defendant was occupying or operating an automobile described as a "Specifically Described 'Autos'" in Item III of the

Policy. As a result, no Defendant is entitled to coverage under the Policy. *See Grange Mut. Cas. Co. v. Slaughter*, 958 F.3d 1050, 1054 (11th Cir. 2020) (holding that coverage under a policy for "Specifically Described 'Autos'" must list the automobile in the declarations for that coverage to trigger).

Because the 1994 Ford Ranger was not designated as a "Specifically Described 'Autos'" under Item III of the Policy, Southern is not required to defend or indemnify Defendants Coyne and/or Oakview in the Underlying Lawsuit. Even more, because no vehicle involved in the accident forming the basis of the Underlying Lawsuit is listed or described in the Policy, there is no coverage under the Policy for any Defendant. Defendants Coyne and Oakview filed a stipulation on January 28, 2022, stipulating and agreeing that the Policy issued by Southern does not provide insurance coverage for the claims asserted and damages sought in the Underlying Lawsuit. [Doc. 27]. Defendant Trey Adams is in default. Once a default has been entered, a party may seek a default judgment against the non-responsive party under Rule 55(b)(2) of the Federal Rules of Civil Procedure. The Plaintiff's Motion for Summary Judgment and Default Judgment [Doc. 39] is GRANTED. The Clerk is directed to enter final judgment in favor of the Plaintiff.

SO ORDERED, this ___2nd___ day of August, 2022.

THOMAS W. THRASH, JR.
United States District Judge